IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RECKO ELLIS,                            :
                                        :
            Plaintiff                   :
                                        :
VS.                                     :
                                        :
Sergeant CALVIN TROY,                   :        NO. 7:07-cv-26 (HL)
                                        :
            Defendant                   :        **O R D E R**

---

Plaintiff **RECKO ELLIS**, a former inmate at the Lowndes County Jail in Valdosta, Georgia,

and presently confined in the Brevard Detention Center in Cocoa, Florida, has filed a *pro se*

complaint under 42 U.S.C. § 1983.  He also seeks leave to proceed without prepayment of the

$350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Based on plaintiff's

submissions, the Court finds that plaintiff is unable to prepay the filing fee.  Accordingly, the Court

**GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee

pursuant to 28 U.S.C. § 1915(b)(1).  However, plaintiff must nevertheless pay the full amount of the

$350.00 filing fee, as explained later in this order.

The Court has reviewed plaintiff's complaint and, although it is not clear that plaintiff will

ultimately prevail on the merits, the undersigned finds that plaintiff has made sufficient allegations

to withstand the frivolity review.  Accordingly, it is hereby **ORDERED** that service be made as

provided by law upon defendant Sergeant Calvin Troy, and that he file a **WAIVER OF REPLY**,

an **ANSWER**, or such other response as may be appropriate under Rule 12 of the Federal Rules of

Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of his current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and correspondence filed with the Clerk a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not

serve or forward copies of such motions, pleadings, and correspondence on behalf of the parties.

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed

on behalf of the defendants from whom discovery is sought by the plaintiff.  The defendants shall

not commence discovery until such time as an answer or dispositive motion has been filed.  Once

an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one

another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the plaintiff,

a state/county prisoner, may be taken at any time during the time period hereinafter set out provided

prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit**

**to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules**

**of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall

be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant

unless an extension is otherwise granted by the court upon a showing of good cause therefor or a

protective order is sought by the defendants and granted by the court.  This 90-day period shall run

separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's

answer and/or dispositive motion. The scheduling of a trial may be advanced upon notification from

the parties that no further discovery is contemplated or that discovery has been completed prior to

the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required

to respond to any discovery not directed to him or served upon him by the opposing counsel/part.

The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  In accordance with 28 U.S.C. § 1915(b)(2), plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by 28 U.S.C. § 1915(b)(2). Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments.  In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE
### UNITED STATES MAGISTRATE JUDGE

28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of the parties.  If the parties desire for the United States Magistrate Judge to hear this case through trial and the entry of judgment, they may obtain the necessary consent forms from the Clerk of the Court.

**SO ORDERED**, this 13th day of March, 2007.


*/s/ Richard L. Hodge*
RICHARD L. HODGE

5

UNITED STATES MAGISTRATE JUDGE

# NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.   <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL,

OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.